### WILSON v. RENFROE, County Judge.

Circuit Court, Leon County.

July 21 and August 16, 1956.

George W. Atkinson, Tallahassee, for petitioner.

W. J. Oven, Jr., Tallahassee, for respondent.

W. MAY WALKER, Circuit Judge.

*July 21, 1956:* On June 19, 1956, on the petition of W. H. Wilson, this court issued a rule nisi directed to the respondent, Lawrence W. Renfroe, as county judge in and for Leon County, commanding him to show cause why a writ of prohibition should not be issued compelling him to desist from exercising further jurisdiction in the case of State of Florida v. W. H. Wilson, pending in the county judge's court wherein the petitioner was charged with the commission of certain criminal offenses.

The petition for a writ of prohibition, filed under provisions of sections 80.06-80.12, Florida Statutes 1955, is predicated mainly and generally on two grounds.

The first ground embraces the theory or proposition that the prosecuting attorney of Leon County having made a motion for a nolle prosequi of the charges, and there being no discretion or power on the part of the trial judge to deny such motion, the trial judge is now without jurisdiction to try the case or either of the charges filed against the petitioner.

"The weight of authority is to the effect that in the absence of a statute on the subject, the entering of a nolle prosequi before the jury has been impaneled and sworn lies in the sole discretion of the prosecuting officer." 14 Am. Jur., Criminal Law, § 296. It is very clear in this jurisdiction, where there is no statute on the subject, that the responsibility for determining the propriety of

granting or refusing the entry of a nolle prosequi rests solely in the discretion of the prosecuting officer. It is for him to determine whether or not the facts and circumstances of a particular case justify taking, or refusing, such a course.

It is the duty of the prosecuting officer to enter a nolle prosequi in any criminal case where it is his judgment that the prosecution of the case should not continue. 22 C.J.S. p. 707. A nolle prosequi has been entered in criminal cases for various reasons. Among other grounds, "A nolle prosequi may properly be entered in cases where the indictment has been lost and a new one is necessary, or where the indictment or information is defective; in cases where it is desired to procure the evidence of one of several accused persons, jointly indicted, in order to convict the others; in order to present another bill and couple the trial of accused with that of another charged with a separate offense; or in cases where it appears that the furtherance of justice does not require continuation of the prosecution, as where no evidence can be produced by the state, or where the evidence at most raises only a suspicion of guilt, and the case is apparently without merit and has been pending for a long time, or where a misdemeanor has been compromised under a statute permitting it." 22 C.J.S., p. 708.

In this case, however, the motion as made by the prosecuting attorney does not appear to be a motion to nolle prosequi. The motion itself is styled a "Motion to Dismiss." A case is nolle prosequied because prosecution of the case should be terminated. The motion, as made, recites that the prosecuting officer has been advised by an investigating officer of the police department that the evidence is insufficient to sustain the charges and that he (the prosecuting officer) has been requested to have the case dismissed. It also recites that the prosecuting officer having investigated the case "on behalf of the State finds that there is insufficient evidence to carry the burden of proof," and proceeds to move the court for a dismissal of the case *at the cost of the defendant.*" The motion is burdened and encumbered with the illegal condition that the costs of the case be taxed against the petitioner, and for this reason the trial judge correctly denied the same. Had he sustained the motion, he would have produced the anomalous situation of having, in effect, entered a judgment sustaining the contention that the evidence was insufficient to legally support a conviction in the case, and vindicated the petitioner, and at the same time, and by the same judgment, imposed a penalty upon the vindicated defendant for the payment of the costs in the case. Such a requirement imposed upon a defendant in a criminal case is contrary to section 14 of the declaration of rights of the Florida constitution, contra-

venes section 9 of article 16 of the Florida constitution, violates section 939.06, Florida Statutes 1955, and is, therefore, illegal and against the public policy of Florida.

Parenthetically, the motion for dismissal was not a joint motion, made by the state and the defendant, nor does the record reflect any agreement, voluntarily or otherwise, for the payment of the costs by the petitioner.

The extraordinary writ of prohibition "is not granted ex debito justitiae, but rests in the sound discretion of the court. It is a prerogative writ, used with g r e a t caution, where the ordinary remedies provided by the l a w  a r e  n o t applicable or adequate. * * *" Moreover, it is to be resorted to only when damage is likely to follow. State v. Malone, 23 So. 575, Enc. Dig., vol. 11, Prohibition, section 4.

Even if the trial judge was technically in error in refusing to sustain the motion to dismiss which is not intimated—injury, harm, or prejudicial error appears very doubtful.

Two of the three counts now pending against the petitioner were filed after the motion to dismiss was made and disposed of, and no motion has as yet been made for either the dismissal or the nolle prosequi of these additional counts.

Moreover, the prosecuting attorney has ample power and opportunity now or at any time before a jury is impaneled and sworn at the trial, to move to nolle prosequi either or both of such counts with the knowledge that the trial judge will have no course to follow, under the law, other than to grant such motion.

Likewise, the prosecuting attorney has the same power and authority now or at any time before a jury is impaneled and sworn at the trial to move for a nolle prosequi of the remaining original count with no alternative available to the trial judge other than to sustain such motion.

It is manifest that the denial of the motion to dismiss has not adjudicated, foreclosed, or in any way adversely affected the right of petitioner to have the case nolle prosequied upon an appropriate motion therefor by the prosecuting attorney.

When an official oppressively or corruptly uses or refuses to use the power here discussed, a different rule applies. A discussion of the different rule is unnecessary, however, because no official or party to the litigation is accused of, or even pretended to be, acting oppressively or corruptly.

The other ground averred for the issuance of a writ of prohibition is the contention that the trial judge is disqualified to preside

at the trial of the petitioner because (1) he prejudged the case, and because (2) he is prejudiced against the petitioner. Suffice it to say that this court has examined the application for disqualification, as well as the supporting affidavits, and has concluded in the light of the applicable statute and pertinent decisions that the application is legally insufficient and that, as a matter of law, the trial judge did not erroneously refuse to recuse himself from the trial of the cause.

Counsel for the petitioner and respondent having submitted the cause to the court for the entry of final judgment on the petition, the rule nisi, the return of the respondent, and on memorandum briefs for each party, the cause having been orally argued by counsel for the parties, the court being duly advised in the premises and of the opinion that a writ of prohibition should be denied, it is, accordingly, ordered and decreed that the said writ be and it is denied, and this proceeding dismissed.

*August 16, 1956:* This cause is now before the court on an application for a supersedeas incident to prosecuting an appeal from the final judgment of this court denying a writ of prohibition absolute herein on July 21, 1956. The application has been duly argued by counsel and the same having been carefully considered, and there appearing no basis in the record for a conclusion other than that the appeal is taken in good faith and not for the purpose of delay, and that without a supersedeas herein the objects of the appeal will be materially impaired if not defeated, and because there is a substantial question of law raised thereby, the application, in my opinion, should be granted.

It is accordingly ordered that the appeal taken and filed herein on August 13, 1956 from the final judgment dated July 21, 1956 shall operate to supersede the same, and stay all further proceedings thereunder in this court, and stay the trial of said causes in the county judge's court, pending the determination of the appeal, upon the petitioner furnishing and filing a good and sufficient supersedeas bond conditioned, as required by law, in the amount of $500.